## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTICE FAMILY GROUP, LLC** : | |
| **Plaintiff,** : | |
| v. : | Civ. No. 19-5825 |
| : | |
| **CIT FINANCE, LLC, et al.,** : | |
| **Defendants.** : | |

### O R D E R

On January 3, 2020 Plaintiff Justice Family Group, LLC filed a Motion to Remand this matter to the Chester County Common Pleas Court. (Doc. No. 9.) Defendants have not yet filed a response. Because Plaintiff's own exhibits (and those included in Defendant's Motion for Removal) plainly demonstrate that the Motion is meritless, however, I will deny it.

Federal jurisdiction exists where there is diversity of citizenship and the damages exceed $75,000. 28 U.S.C. § 1332(a); GBForefront, L.P. v. Forefront Mgmt. Grp., 888 F.3d 29, 34 (3d Cir. 2018). Business entities are citizens of the state in which they are incorporated, and where their principal place of business—or "nerve center"—is located. 28 U.S.C. § 1332(c); Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted); see also Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (same).

Plaintiff is a citizen of Virginia and West Virginia. (Doc Nos. 1,9.) It seeks $768,000.000 plus attorney's fees and costs on each of counts its Complaint's four Counts. (Doc. No. 1.) Plaintiff nonetheless argues that there is no federal diversity jurisdiction because Defendants are

also incorporated in Virginia, West Virginia, and Pennsylvania, and maintain principal places of business in those states. (Doc. No. 9.)

The exhibits appended to Plaintiff submits as exhibits to its Motion to Remand plainly show that Defendant CIT Finance LLC is incorporated in Delaware and Defendant Konica Minolta Business Solutions, U.S.A., Inc. is incorporated in New York. Both are merely registered to do business in other states. (Doc. Nos. 9-2, 9-3.) Accordingly, Defendants are not incorporated in Virginia, West Virginia, or Pennsylvania. The sworn affidavits submitted with Defendants' Motion to Remove provide that both corporations have their principal places of business in New Jersey. (Doc. No. 1.) Plaintiff's argument that Defendants operate various sales and branch offices in other states—including Virginia, West Virginia, and Pennsylvania—is thus beside the point. That a business has offices in a particular state does not mean that the business's decision-making "nerve center" is in that state. Cf. Hertz Corp., 559 U.S. 77, 93 (2010) (Sworn declarations can be sufficient to establish location of "nerve center.").

It is thus plain that there is complete diversity of citizenship between the Plaintiff and both Defendants and that the amount in controversy exceeds $75,000. Accordingly I will deny Plaintiff's motion.

**AND NOW**, this 6th day of January, 2020, it is hereby **ORDERED** that Plaintiff's Motion to Remand (Doc. No. 9) is **DENIED**.

Defendants may submit a request for any fees and costs incurred, if any, in addressing Plaintiff's frivolous Motion.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.