**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUSTICE FAMILY GROUP, LLC** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. No. 19-5825** |
| | : | |
| **CIT FINANCE, LLC, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW,** this 21st day of January, 2020, upon consideration of Defendants January 16, 2020

letter (Ex. A), it is hereby **ORDERED** that my January 15, 2020 Order (Doc. No. 12) dismissing

this matter with prejudice is **VACATED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.

# Holland & Knight

Cira Centre, Suite 800 | 2929 Arch Street | Philadelphia, PA 19104 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Eric Yoon
+1 215-252-9537
Eric.Yoon@hklaw.com

January 16, 2020

*Via E-mail -* [Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov](mailto:Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov)

Honorable Paul Diamond
United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 14614
Philadelphia, PA  19106

Re:    *Justice Family Group, LLC v. CIT Finance, LLC, et al.*
       U.S.D.C., E.D.P.A. (Case No.: 2:19-cv-05825 )

Dear Judge Diamond:

Holland & Knight LLP represents Defendant CIT Finance, LLC ("CIT") in the above-referenced matter (the "Federal Action").  CIT is aware of this Court's Order (Dkt. No. 12), dismissing all claims <u>with prejudice</u> in response to Plaintiff Justice Family Group, LLC's ("JFG") Notice of Voluntary Dismissal (Dkt. No. 11).  As more fully detailed below, Plaintiff's Notice, however, misrepresents the parties' underlying agreement in that neither CIT nor Defendant Konica Minolta Business Solutions, U.S.A., Inc. ("KMBS") waived their right to recover the fees and costs associated with having to defend the Federal Action.  CIT attempted in good faith to resolve this issue by requesting JFG to file an amended or corrected Notice of Voluntary Dismissal, which JFG has not done so.  Therefore, to correctly reflect the parties' agreement, CIT respectfully requests this Court's assistance in striking (i) the clause "with each party to bear its own costs, expenses and attorneys' fees" from the Notice of Voluntary Dismissal (Dkt. No. 11) and (ii) the clause "pursuant to agreement of counsel without costs" from the Court's Order (Dkt. No. 12).

On January 6, 2020, the same day this Court *sua sponte* denied JFG's Motion to Remand (Dkt. No. 9) and permitted submission of a request by CIT or KMBS for any fees and costs incurred in addressing that Motion (Dkt. No. 10), counsel for JFG emailed counsel for CIT and KMBS for a telephone conference.  *See* **Exhibit 1**.

On January 7, 2020, counsel for the parties discussed reaching an agreement whereby JFG would voluntarily dismiss the Federal Action with prejudice in exchange for Defendants' consent to amend JFG's claims against Defendants in the first action between the parties in the Chester County Common Pleas Court, captioned as *Justice Family Group, LLC v. CIT Finance, LLC and Konica Minolta Business Solutions, U.S.A., Inc.*, Chester Cty. C.C.P. Civil Action No. 2018-13216-CT).  *See* **Exhibit 2**.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

January 16, 2020
Page 2

On January 10, 2020, counsel for Plaintiff memorialized his understanding of the parties' agreement, which does ***not*** discuss the parties' right to recover the fees and costs in the Federal Action. *See Id.*

On January 13, 2020, counsel for CIT and KMBS collectively responded to Plaintiff's counsel's email for the parties' "collective future reference should that become necessary." *See* **Exhibit 3**. In that email, CIT and KMBS memorialized the exact contour of the parties' agreement and ***specifically*** noted that Defendants "preserve all their rights under the Master Premier Advantage Agreement and the attendant Schedules at issue." *Id.* Paragraph 12 (Default and Remedies) of the Master Premier Advantage Agreement allows Defendants to recover "reasonable costs of collection and enforcement, including but not limited to attorney's fees and actual court costs relating to any claim arising under this Agreement including, but not limited to, any legal action or referral for collection." *See* **Exhibit 4**.

On January 14, 2020, counsel for Plaintiff circulated a proposed Notice of Voluntary Dismissal and the same day, counsel for CIT forwarded a copy of the revised Notice, which ***removed*** the clause regarding the fees and costs. *See* **Exhibits 5 and 6**.

On January 15, 2020, counsel for JFG noted that the revised Notice was "acceptable." *See* **Exhibit 7**. Contrary to the representation he made, counsel for JFG filed a Notice of Voluntary Dismissal, which improperly included the clause waiving Defendants' rights to fees and costs in the Federal Action. (Dkt. No. 11). As noted above, at no time did the parties discuss, much less agree on, Defendants waiving their right to the fees and costs in this action. For this reason, counsel for CIT immediately and twice requested that counsel for JFG to file an amended Notice forthwith. *See* **Exhibit 8**. As of this letter, JFG did not amend or correct the Notice.

Because Plaintiff's current Notice of Voluntary Dismissal impermissibly misrepresents the parties' underlying agreement, CIT respectfully requests this Court's assistance in modifying the Notice and the Order (Dkt. Nos. 11 & 12).

Respectfully yours,

HOLLAND & KNIGHT LLP

Eric Yoon

cc:     Terence P. Ruf, Jr., Esq.
        Phillip J. Duffy, Esq.

EXHIBIT 1

**Yoon, Eric (PHL - X49537)**

| | |
|---|---|
| **From:** | terenceruf terenceruflaw.com <terenceruf@terenceruflaw.com> |
| **Sent:** | Monday, January 6, 2020 9:49 PM |
| **To:** | Yoon, Eric (PHL - X49537); PDuffy@gibbonslaw.com |
| **Subject:** | RE: JFG v. CIT - Scheduling Order.DOCX |

[External email]

Eric and Phil,

Are both of you available tomorrow around 12:00pm or after 5:00pm for a telephone conference.  I have several court events but wanted to touch base with you on the cases.

Terry

Terence P. Ruf, Jr., Esquire
Law Office of Terence P. Ruf, Jr.
218 North Church Street
Suite E
West Chester, PA 19380

 terenceruf@terenceruflaw.com
 www.terenceruflaw.com

(610)692-6800
FAX (484)923-1212

WARNING

This email together with any accompanying attachments is highly confidential and intended solely for the individual to whom it is sent. If you are not that individual or an employee or agent responsible for the delivery of this email message you are hereby notified that any use of this message or part thereof, other than the confidential delivery to the intended recipient, is in violation of applicable law and all violations will be prosecuted to the fullest extent of the law. If you have received this email in error, please destroy the original and any copies thereof and notify the sender by email.

EXHIBIT 2

**Yoon, Eric (PHL - X49537)**

| | |
|---|---|
| **From:** | terenceruf terenceruflaw.com <terenceruf@terenceruflaw.com> |
| **Sent:** | Friday, January 10, 2020 3:18 PM |
| **To:** | Yoon, Eric (PHL - X49537) |
| **Cc:** | PDuffy@gibbonslaw.com |
| **Subject:** | RE: JFG v. CIT - Scheduling Order.DOCX |

[External email]

Eric and Phil

This will confirm our conversation Wednesday whereby JFG proposed an agreement with CIT and KMBS to dismiss the "fraud action" in exchange for the consent to amend JFG claim against CIT/KMBS  in the 1st BoK action to include the overpayment.  It would appear to be a more effective way given the current circumstances to streamline the cases.

Please advise.

Terry

Terence P. Ruf, Jr., Esquire
Law Office of Terence P. Ruf, Jr.
218 North Church Street
Suite E
West Chester, PA 19380

 terenceruf@terenceruflaw.com
 www.terenceruflaw.com

(610)692-6800
FAX (484)923-1212

WARNING

This email together with any accompanying attachments is highly confidential and intended solely for the individual to whom it is sent. If you are not that individual or an employee or agent responsible for the delivery of this email message you are hereby notified that any use of this message or part thereof, other than the confidential delivery to the intended recipient, is in violation of applicable law and all violations will be prosecuted to the fullest extent of the law. If you have received this email in error, please destroy the original and any copies thereof and notify the sender by email.


-----Original Message-----
From: Eric.Yoon@hklaw.com [mailto:Eric.Yoon@hklaw.com]
Sent: Wednesday, January 08, 2020 10:05 AM
To: terenceruf terenceruflaw.com
Cc: PDuffy@gibbonslaw.com
Subject: Re: JFG v. CIT - Scheduling Order.DOCX

EXHIBIT 3

**Yoon, Eric (PHL - X49537)**

| | |
|---|---|
| **From:** | Yoon, Eric (PHL - X49537) |
| **Sent:** | Monday, January 13, 2020 2:28 PM |
| **To:** | 'terenceruf terenceruflaw.com' |
| **Cc:** | PDuffy@gibbonslaw.com |
| **Subject:** | RE: JFG v. CIT - Scheduling Order.DOCX |

**Importance:**        High

Terry – I am writing on behalf of CIT and KMBS (with the consent of KMBS's counsel, Phillip Duffy) to confirm our discussions regarding the resolution of the defendants' motions to dismiss pending before Judge Diamond in the EDPA.  I am providing some brief background for our collective future reference should that become necessary.

JFG's filed a lawsuit against CIT, et. al. in Chester County (Docket No. 2018-13216-CT) for breach of contract and unjust enrichment.  Thereafter, JFG filed a second lawsuit against the same parties arising out of the same facts re-asserting claims for breach of contract and unjust enrichment and adding new claims for fraud and negligent misrepresentation (Docket No. 2019-09791-CT.)  CIT and KMBS removed the second-filed state court action to the EDPA (Civil Action No. 2:19-cv-05825-PD) and moved to dismiss JFG's Complaint.  JFG obtained an extension to file a response to the motion to dismiss, and, thereafter, moved for remand, which was denied with costs.  Pursuant to our discussions, all counsel have agreed that JFG shall discontinue the EDPA action and abandon the fraud and negligence claims (i.e. JFG will not attempt to re-file or otherwise assert those claims in the pending state court action).  CIT and KMBS shall agree to permit JFG to amend its Complaint in the first-filed and, now, sole pending action, to add the factual allegations set forth in paragraphs 18-24 of the Complaint, which essentially allege that JFG overpaid on the leases at issue and is entitled to a refund.  JFG counsel shall confirm their agreement by responding to this email.

CIT and KMBS continue to preserve all their rights under the Master Premier Advantage Agreement and the attendant Schedules at issue in this matter.

Eric Yoon | Holland & Knight
Holland & Knight LLP
2929 Arch Street, Suite 800 | Philadelphia, Pennsylvania 19104
Phone 215.252.9537 | Fax 215.867.6070
eric.yoon@hklaw.com | www.hklaw.com
_____
Add to address book | View professional biography

-----Original Message-----
From: terenceruf terenceruflaw.com <terenceruf@terenceruflaw.com>
Sent: Monday, January 13, 2020 12:18 PM
To: Yoon, Eric (PHL - X49537) <Eric.Yoon@hklaw.com>
Cc: PDuffy@gibbonslaw.com
Subject: RE: JFG v. CIT - Scheduling Order.DOCX

[External email]

Eric and Phil,

1

EXHIBIT 4

S00035333
01/12/11 10:24 am

**KONICA MINOLTA**

## Master Premier Advantage Agreement

For office use only (Check one):  ☒ Branch   ☐ Windsor   ☐ Windsor Commercial

| APPLICATION NUMBER | AGREEMENT NUMBER |
|---|---|
| 961062 | |

This Master Premier Advantage Agreement ("Agreement") is written in "Plain English". The words you and your refer to the customer (and its guarantors). The words Lessor, we, us and our refer to Konica Minolta Premier Finance, a program of Konica Minolta Business Solutions U.S.A., Inc., its subsidiaries and affiliates. (Supplier)

### CUSTOMER INFORMATION

| FULL LEGAL NAME | | | STREET ADDRESS | |
|---|---|---|---|---|
| JUSTICE FAMILY GROUP, LLC DBA THE GREENBRIER | | | 300 WEST MAIN STREET | |
| CITY | STATE | ZIP | PHONE* | FAX |
| WHITE SULPHUR SPRINGS | WV | 24986 | | |
| BILLING NAME (IF DIFFERENT FROM ABOVE) | | | BILLING STREET ADDRESS | |
| | | | | |
| CITY | STATE | ZIP | E-MAIL | |
| | | | | |

EQUIPMENT LOCATION (IF DIFFERENT FROM ABOVE)

*By providing a telephone number for a cellular phone or other wireless device, you are expressly consenting to receiving communications (for NON-marketing or solicitation purposes) at that number, including, but not limited to, prerecorded or artificial voice message calls, text messages, and calls made by an automatic telephone dialing system from Lessor and its affiliates and agents. This Express Consent applies to each such telephone number that you provide to us now or in the future and permits such calls. These calls and messages may incur access fees from your cellular provider.

### CUSTOMER CONFIDENCE GUARANTEE

Konica Minolta Business Solutions agrees to maintain the Equipment in good operating condition providing necessary maintenance service and parts for routine repairs. If our Service Representative is unable to repair the equipment covered under this guarantee, we shall provide, at no charge, an equivalent replacement.

### TERMS AND CONDITIONS

1. LEASE AGREEMENT: You agree to lease from us the personal property as identified in schedules to this Master Premier Advantage Agreement from time to time signed by you and us (such property and any upgrades, replacements, repairs and additions referred to as "Equipment") for business purposes only. Each Schedule is a separate assignable lease. You agree to all of the terms and conditions contained in this Agreement and any Schedule, which together are a complete statement of our Agreement regarding the listed equipment ("Agreement") and supersedes any purchase order or outstanding invoice. This Agreement may be modified only by written Agreement and not by course of performance. This Agreement becomes valid upon execution by or for us. The Equipment is deemed accepted by you unless the applicable schedule unless you notify us within three (3) days of delivery that you do not accept the Equipment and specify the defect or malfunction. In that event, at our sole option, we or our designee will replace the defective item of Equipment or this Agreement will be canceled and we or our designee will repossess the Equipment. The "Billing Date" of this Agreement will be the twentieth (20th) day following installation. You agree to pay a prorated amount of 1/30th of the monthly payment times the number of days between the installation date and the Billing Date. This Agreement will continue from the Billing Date for the Term shown and will be extended automatically for successive one (1) month terms unless you (a) send us written notice, between ninety (90) days and one hundred fifty (150) days before the end of any term, of your decision to return or purchase the Equipment or renew this Lease or (b) you do not purchase or return the Equipment, as specified in your notice, within 10 days after the end of the term. Lessee with $1.00 purchase options will not be renewed. THE BASE RENTAL PAYMENT SHALL BE ADJUSTED PROPORTIONATELY UPWARD OR DOWNWARD, IF THE ACTUAL COST OF THE EQUIPMENT EXCEEDS OR IS LESS THAN THE ESTIMATE PROVIDED TO LESSEE. If any provision of this Agreement is declared unenforceable in any jurisdiction, the other provisions herein shall remain in full force and effect in that jurisdiction and all others. You authorize us to insert or correct missing information on this lease including your proper legal name, serial numbers, other numbers describing the Equipment and other omitted factual matters. You agree to provide updated annual and/or quarterly financial statements to us upon request. You authorize us or our agent to obtain credit reports and make credit inquiries regarding you and your financial condition and to provide your information, including payment history, to our assignee or third parties having an economic interest in this Agreement, any Schedule or the Equipment.

2. RENT: Rent will be payable in installments, each in the amount of the Monthly Payment (or other periodic payment) shown plus any applicable sales, use and property tax. If we pay any tax on your behalf, you agree to reimburse us promptly along with a processing fee. You will pay the security deposit on the date you sign this Agreement. Subsequent installments will be payable on the first day of each rental payment period until used. If Your use of supplies exceeds the typical use rental payment period or as otherwise agreed. We will have the right to apply all sums received from you to any amounts due and owed to us under the terms of this Agreement. Your obligation to make all Monthly Payments (or other periodic payment) hereunder is absolute and unconditional and you cannot withhold or offset against any Monthly Payments (or other periodic payment) for any reason. You agree that you will remit payments to us in the form of company checks (or personal checks in the case of sole proprietorships), direct debit or wires only. You also agree cash and cash equivalents are not acceptable forms of payment for this Agreement and that you will not remit such forms of payment to us. WE BOTH INTEND TO COMPLY WITH ALL APPLICABLE LAWS. IF IT IS DETERMINED THAT YOUR PAYMENTS UNDER THIS AGREEMENT OR UNDER A SCHEDULE RESULT IN AN INTEREST PAYMENT HIGHER THAN ALLOWED BY APPLICABLE LAW, THEN ANY EXCESS INTEREST COLLECTED WILL BE APPLIED TO AMOUNTS THAT ARE LAWFULLY DUE AND OWING UNDER THIS AGREEMENT OR WILL BE REFUNDED TO YOU. IN NO EVENT WILL YOU BE REQUIRED TO PAY ANY AMOUNTS IN EXCESS OF THE LEGAL AMOUNT.

3. MAINTENANCE AND SUPPLIES: The charges established by this Agreement include payment for the use of the designated Equipment and accessories, maintenance by Supplier including inspection, adjustment, parts replacement, drums and cleaning material required for the proper operation, as well as toner, developer, copy cartridges and pin kits. All supplies are the property of Supplier until used. If Your use of supplies exceeds the typical use pattern (as determined solely by Supplier) for these items by more than 10%, or should Supplier, in its sole discretion, determine that Supplies are being abused in any fashion, You agree to pay for such improper or excess use. Paper must be separately purchased by you. A page is defined as one meter click and varies by page size as follows: 8.5"x11" = 1 click, 11"x17" = 2 clicks, 18"x27" = 3 clicks, 27"x36" = 4 clicks and 36"x47" = 5 clicks. You agree to provide Supplier free and clear access to the equipment and Supplier will provide labor or routine, remedial and preventive maintenance service as well as remedial parts. All part replacements shall be on an exchange basis with new or refurbished items. Emergency service calls will be performed at no extra charge during normal business hours (defined as 8:30am to 5:00pm, Monday through Friday, exclusive of holidays observed by Supplier). Overtime charges, at Supplier's current rates, will be charged for all service calls outside normal business hours. Supplier will not be obligated to provide service or repairs in the event of misuse or casualty and will charge you separately if such repairs are made. If necessary, the service and supply portion of this Agreement may be assigned. We may charge you a Supply Freight Fee to cover our costs of shipping supplies to you. You acknowledge that (a) the Supplier (and not Lessor or its assignees) is the sole party responsible for any service, repair or maintenance of the Equipment and (b) the Supplier (not Lessor or its assignees) is the party to any service maintenance agreement.

(continued on back)

**THIS IS A NONCANCELABLE / IRREVOCABLE AGREEMENT: THIS AGREEMENT CANNOT BE CANCELED OR TERMINATED.**

### LESSOR ACCEPTANCE

| | | |
|---|---|---|
| **Konica Minolta Premier Finance** | D'Arcy Lemeret Author | |
| DATED | LESSOR | SIGNATURE | TITLE |

### CUSTOMER ACCEPTANCE

| | | | |
|---|---|---|---|
| 1/13/10 | JUSTICE FAMILY GROUP, LLC DBA THE GREENBRIER | | Treasurg |
| DATED | FULL LEGAL NAME OF CUSTOMER (as referenced above) | SIGNATURE | TITLE |
| 55-0232133 | | by J. J. Miller | |
| FEDERAL TAX I.D. # | | PRINT NAME | |

See reverse side for additional terms and conditions

S00035333
01/21/11 10:24 am

4. OWNERSHIP OF EQUIPMENT: We are the Lessor of the Equipment and have sole title (unless you have a $1.00 purchase option) to the Equipment (excluding software).  You agree to keep the Equipment free and clear of all liens and claims.

5. WARRANTY DISCLAIMER: WE MAKE NO WARRANTY EXPRESS OR IMPLIED, INCLUDING THAT THE EQUIPMENT IS FIT FOR A PARTICULAR PURPOSE OR THAT THE EQUIPMENT IS MERCHANTABLE.  YOU AGREE THAT YOU HAVE SELECTED EACH ITEM OF EQUIPMENT BASED UPON YOUR OWN JUDGMENT AND DISCLAIM ANY RELIANCE UPON ANY STATEMENTS OR REPRESENTATIONS MADE BY US. WE ARE LEASING THE EQUIPMENT TO YOU "AS-IS".  You acknowledge that none of Supplier or their representatives are our agents and none of them are authorized to modify the terms of this Agreement or any Schedule.  No representation or warranty of Supplier with respect to the Equipment will bind us, nor will any breach thereof relieve you of any of your obligations hereunder.  You are aware of the name of the manufacturer or supplier of each item of Equipment and you will contact the manufacturer or supplier for a description of your warranty rights.  You hereby acknowledge and confirm that you have not received any tax, financial, accounting or legal advice from us, the manufacturer or Supplier of the Equipment. THIS AGREEMENT AND EACH SCHEDULE CONSTITUTES A "FINANCE LEASE" AS DEFINED IN ARTICLE 2A OF THE UNIFORM COMMERCIAL CODE.

6. LOCATION OF EQUIPMENT: You will keep and use the Equipment only at your address shown above and you agree not to move it unless we agree to it.  At the end of the Agreement's term, if you do not purchase the Equipment, you will return the Equipment to a location we specify at your expense, in retail resaleable condition (normal wear and tear acceptable), full working order, and in complete repair.

7. LOSS OR DAMAGE: You are responsible for the risk of loss or for any destruction of or damage to the Equipment.  No such loss or damage relieves you from the payment obligations under this Agreement.  You agree to promptly notify us in writing of any loss or damage and you will then pay to us the present value of the total of all unpaid Monthly Payments (or other periodic payments shown) for the full Agreement term plus the estimated fair market value of the Equipment at the end of the originally scheduled term, all discounted at six percent (6%) per year.  Any proceeds of insurance will be paid to us and credited, at our option, against any loss or damage.  You authorize us to sign on your behalf and appoint us as your attorney in fact to execute in your name any insurance drafts or checks issued due to loss or damage to the Equipment.

8. COLLATERAL PROTECTION AND INSURANCE:  You are responsible for installing and keeping the Equipment in good working order.  Except for ordinary wear and tear, you are responsible for protecting the Equipment from damage and loss of any kind. If the Equipment is damaged or lost, you agree to continue to pay the amounts due and to become due hereunder without setoff or defense. During the term of this Agreement, you  agree that you will (1) insure the equipment against all loss or damage naming us as loss  payee; (2) obtain liability and third party property damage insurance naming us as an  additional insured; and (3) deliver satisfactory evidence of such coverage with carriers,  policy forms and amounts acceptable to us. All policies must provide that we be given thirty (30) days written notice of any material change or cancellation.  If you do not provide evidence of acceptable insurance, we have the right, but no obligation, (a) to obtain insurance covering our interest (and only our interest) in the Equipment for the lease term, and renewals.  Any insurance we obtain will not insure you against third party or liability claims and may be cancelled by us at any time. In that event you will be required to pay us an additional amount each month for the insurance premium and an administrative fee. The cost may be more than the cost of obtaining your own insurance. You agree that we, or one of our affiliates, may make a profit in connection with the insurance we obtain. You agree to cooperate with us, our insurer and our agent in the placement of coverage and with claims or, (b) we may waive the insurance requirement and charge you a monthly property damage surcharge in the amount of .0035 of the original equipment cost to cover our credit risk, administrative costs and other costs and on which we may make a profit. If you later provide evidence that you have obtained acceptable insurance, we will cancel the insurance we obtained or cease charging the surcharge.

9. INDEMNITY:  We are not responsible for any loss or injuries caused by the installation or use of the Equipment.  You agree to hold us harmless and reimburse us for loss and to defend us against any claim for losses or injury caused by the Equipment.  We reserve the right to control the defense and to select or approve defense counsel. This indemnity survives the expiration or termination of this Agreement.

10. TAXES AND FEES:  You agree to pay when invoiced all taxes (including personal property tax, fines and penalties) and fees relating to this Agreement or the Equipment. You agree to (a) reimburse us for all personal property taxes which we are required to pay as Owner of the Equipment or to remit to us each month our estimate of the monthly equivalent of the annual property taxes to be assessed.  If you do not have a $1.00 purchase option, we will file all personal property, use or other tax returns and you agree to pay us a processing fee for making such filings. You agree to pay us up to $75.00 on the date the first payment is due as an origination fee.  We reserve the right to charge a fee upon termination of this Agreement either by trade-up, buy-out or default. Any fee charged under this Agreement may include a profit and is subject to applicable taxes.

11. ASSIGNMENT: YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR THIS AGREEMENT.  We may sell, assign, or transfer this Agreement and/or the Equipment without notice.  You agree that if we sell, assign, or transfer this Agreement and/or the Equipment, the new lessor will have the same rights and benefits that we have now and will not have to perform any of our obligations.  You agree that the rights of the new Lessor will not be subject to any claims, defenses, or set offs that you may have against us whether or not you are notified of such assignment.

12. DEFAULT AND REMEDIES: If you do not pay any lease payment or other sum due to us or other party when due or if you break any of your promises in the Agreement or any other Agreement with us, you will be in default.  If any part of a payment is more than 3 days late, you agree to pay a late charge of 10% of the payment which is late or if less, the maximum charge allowed by law. If you are ever in default, we may do any one or all of the following (a) instruct Supplier to withhold service, parts and supplies and/or void the Customer Confidence Guaranty; (b) retain your security deposit; (c) terminate or cancel this Agreement and/or any and all Schedules and require that you pay, AS LIQUIDATED DAMAGES FOR LOSS OF BARGAIN AND NOT AS A PENALTY, the sum of: (i) all past due and current Monthly Payments (or other periodic payments) and charges due under this Agreement and any Schedule; (ii) the present value of all remaining Monthly Payments (or other periodic payments) and charges for the remainder of the term of such Schedule, discounted at the rate of 4% per annum (or the lowest rate permitted by law, whichever is higher); and (iii) the present value (at the same discount rate as specified in clause (ii) above) of the amount of any purchase option with respect to the Equipment or, if none is specified, our anticipated value of the Equipment at the end of the initial term of such Schedule (or any renewal thereof); and (d) require you to return the Equipment to us to a location designated by us.  We may recover interest on any unpaid balance at the rate of 8% per annum but in no event more than the lawful maximum rate. We may also use any of the remedies available to us under Article 2A of the Uniform Commercial Code as enacted in the State of Lessor or its Assignee or any other law.  You agree to pay our reasonable costs of collection and enforcement, including but not limited to attorney's fees and actual court costs relating to any claim arising under this Agreement including, but not limited to, any legal action or referral for collection.  If we have to take possession of the Equipment, you agree to pay the cost of repossession. The net proceeds of the sale of any repossessed Equipment will be credited against what you owe us  YOU AGREE THAT WE WILL NOT BE RESPONSIBLE FOR ANY CONSEQUENTIAL INDIRECT OR INCIDENTAL DAMAGES FOR ANY REASON WHATSOEVER. You agree that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. All of our rights are cumulative. It is further agreed that your rights and remedies are governed exclusively by this Agreement and you waive lessee's rights under Article 2A (508-522) of the UCC.

13. UCC FILINGS: You grant us a security interest in the Equipment if this Agreement is deemed a secured transaction and you authorize us to record a UCC-1 financing statement or similar instrument in order to show our interest in the Equipment.

14. SECURITY DEPOSIT: The security deposit is non-interest bearing and is to secure your performance under this Agreement.  Any security deposit made may be applied by us to satisfy any amount owed by you, in which event you will promptly restore the security deposit to its full amount as set forth above.  If all conditions herein are fully complied with and provided you have not ever been in default of this Agreement per paragraph 12, the security deposit will be refunded to you after the return of the equipment in accordance with paragraph 6.

15. CONSENT TO LAW, JURISDICTION, AND VENUE: This Agreement shall be deemed fully executed and performed in the state of Lessor or its Assignee's principal place of business and shall be governed by and construed in accordance with its laws.  If the Lessor or its Assignee shall bring any judicial proceeding in relation to any matter arising under the Agreement, the Customer irrevocably agrees that any such matter may be adjudged or determined in any court or courts in the state of the Lessor or its Assignee's principal place of business, or in any court or courts in Customer's state of residence, or in any other court having jurisdiction over the Customer or assets of the Customer, all at the sole election of the Lessor. The Customer hereby irrevocably submits generally and unconditionally to the jurisdiction of any such court so elected by Lessor in relation to such matters.  YOU WAIVE TRIAL BY JURY IN ANY ACTION BETWEEN US.

16. LESSEE GUARANTY: You agree to submit the original of the Agreement documents with the security deposit to the Lessor via overnight courier the same day of the facsimile or electronic mail transmission of the signed lease documents. Should we fail to receive these originals, you agree to bound by the faxed or electronically mailed copy of this Agreement with appropriate signatures.  Lessee waives the right to challenge in court the authenticity of a faxed or electronically mailed signed copy of this Agreement and the faxed or electronically mailed copy containing your faxed or scanned signature and our original signature shall be considered the sole original for all purposes, including without limitation, any enforcement action under paragraph 12.

17. OVERAGES AND COST ADJUSTMENTS: You agree to comply with any billing procedures designated by us, including notifying us of the meter reading on the Billing Date. If meter readings are not received, we reserve the right to estimate your usage and bill you for that amount.  At the end of the first year of this Agreement and once each successive twelve month period, we may increase your payment, and the per page charge over the pages included (Overage) by a maximum of 10% of the existing charge, or if less, the maximum amount permitted by applicable law.

18. COMPUTER SOFTWARE: Not withstanding any other terms and conditions of this Agreement, you agree that as to software only: a) We have not had, do not have, nor will have any title to such software, b) You have executed or will execute a separate software license Agreement and we are not a party to and have no responsibilities whatsoever in regards to such license Agreement. c) You have selected such software and as per Agreement paragraph 5, WE MAKE NO WARRANTIES OF MERCHANTABILITY, DATA ACCURACY, SYSTEM INTEGRATION OR FITNESS FOR USE AND TAKE ABSOLUTELY NO RESPONSIBILITY FOR THE FUNCTION OR DEFECTIVE NATURE OF SUCH SOFTWARE, SYSTEMS INTEGRATION, OR OTHERWISE IN REGARDS TO SUCH SOFTWARE.  CUSTOMER'S LEASE PAYMENTS AND OTHER OBLIGATIONS UNDER THIS LEASE AGREEMENT SHALL IN NO WAY BE DIMINISHED ON ACCOUNT OF OR IN ANY WAY RELATED TO THE ABOVE SAID SOFTWARE LICENSE AGREEMENT OF FAILURE IN ANY WAY OF THE SOFTWARE.

24715 - 01/11/2010

EXHIBIT 5

**Yoon, Eric (PHL - X49537)**

| | |
|---|---|
| **From:** | Yoon, Eric (PHL - X49537) |
| **Sent:** | Tuesday, January 14, 2020 9:37 PM |
| **To:** | 'terenceruf terenceruflaw.com'; Duffy, Phillip J. |
| **Subject:** | RE: JFG v. CIT - Fraud case dismissal |
| **Attachments:** | VoluntaryDismissal.1-14-20 - HK EDIT_72364098_1.doc |

**Importance:**          High


Terry:

Thanks.  Here are my suggest edits based upon our agreement.  To be clear, and please let me know if I am mistaken, but as I recall, the agreement among the parties was that in exchange of dismissing the federal action with prejudice (as Phil noted below), CIT and KMBS will agree to move jointly for leave to amend the state action so as to add the 'overcharge' claims in the nature of contract and unjust enrichment, but not in the fraud or negligent misrepresentation claim.

The revised version is consistent with the agreement as laid out in my initial email below and above.  Please confirm.  Thanks.

Eric Yoon
Holland & Knight LLP
Cira Centre
2929 Arch St. Suite 800
Philadelphia, PA  19104
Phone:  215-252-9537
Cell:  215-498-3936

---

**From:** terenceruf terenceruflaw.com [mailto:terenceruf@terenceruflaw.com]
**Sent:** Tuesday, January 14, 2020 9:19 PM
**To:** Duffy, Phillip J. <PDuffy@gibbonslaw.com>; Yoon, Eric (PHL - X49537) <Eric.Yoon@hklaw.com>
**Subject:** RE: JFG v. CIT - Fraud case dismissal

*[External email]*
Phil and Eric,

See attached revision. Please confirm.

Terry

Terence P. Ruf, Jr., Esquire
Law Office of Terence P. Ruf, Jr.
218 North Church Street
Suite E
West Chester, PA 19380

terenceruf@terenceruflaw.com
www.terenceruflaw.com

1

(610)692-6800
FAX (484)923-1212

WARNING

This email together with any accompanying attachments is highly confidential and intended solely for the individual to whom it is sent. If you are not that individual or an employee or agent responsible for the delivery of this email message you are hereby notified that any use of this message or part thereof, other than the confidential delivery to the intended recipient, is in violation of applicable law and all violations will be prosecuted to the fullest extent of the law. If you have received this email in error, please destroy the original and any copies thereof and notify the sender by email.

**From:** Duffy, Phillip J. [mailto:PDuffy@gibbonslaw.com]
**Sent:** Tuesday, January 14, 2020 5:06 PM
**To:** terenceruf terenceruflaw.com; Eric.Yoon@hklaw.com
**Subject:** RE: JFG v. CIT - Fraud case dismissal

Terry, thanks.  You proposed and we agreed that the claims would be dismissed and not raised again and, therefore, the dismissal should be with prejudice.  Please confirm you'll make that revision.  Otherwise, looks fine.  Thank you. – Phil

Phillip J. Duffy, Esq.
Director
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4821
Fax: (973) 639-6219
E-Mail: pjduffy@gibbonslaw.com
Web: www.gibbonslaw.com
Bio: www.gibbonslaw.com/phillipduffy

**NJ | NY | PA | DE | DC | FL**



**From:** terenceruf terenceruflaw.com <terenceruf@terenceruflaw.com>
**Sent:** Tuesday, January 14, 2020 4:52 PM
**To:** Eric.Yoon@hklaw.com
**Cc:** Duffy, Phillip J. <PDuffy@gibbonslaw.com>
**Subject:** RE: JFG v. CIT - Fraud case dismissal

Eric and Phil,

Attached please find the proposed dismissal. If there are no issues with the attached, I can file today.  Please advise.

Terry

Terence P. Ruf, Jr., Esquire

EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUSTICE FAMILY GROUP, LLC : | |
| : | |
| Plaintiff, : | **CIVIL ACTION- LAW NO.:** |
| v. : | **2:19-cv-05825** |
| : | |
| CIT FINANCE, LLC, and KONICA : | |
| MINOLTA BUSINESS SOLUTIONS : | |
| U.S.A., INC. : | |
| : | |
| Defendants. : | |

**<u>NOTICE OF VOLUNTARY DISMISSAL</u>**

~~AND NOW,~~ Pursuant to Fed. R. Civ. P. 41(a)(i)A)(1i) Plaintiff Justice Family Group,

LLC, by and through its undersigned counsel, hereby voluntarily dismisses this action against

Defendants CIT Finance, LLC and Konica Minolta Business Solutions U.S.A., Inc. with

prejudice~~, with each party to bear its own costs, expenses and attorneys' fees~~.  No defendant in

this action has answered or filed for summary judgment ~~and a class has not been certified~~.

Dated:                         LAW OFFICE OF TERENCE P. RUF, JR.,

_____
Terence P. Ruf, Jr., Esquire
Attorney Id. No.: 203070
Law Office of Terence P. Ruf, Jr.
218 North Church Street, Suite E
West Chester, Pennsylvania 19380
(610) 692-6800
(484) 923-1212 (fax)
*Attorney for Plaintiff*

**Formatted:** Justified

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTICE FAMILY GROUP | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION- LAW NO.:** |
| v. | : | **2:19-cv-05825** |
| | : | |
| CIT FINANCE, LLC. and KONICA | : | |
| MINOLTA BUSINESS SOLUTIONS | : | |
| U.S.A., INC. | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

| Name: | Means of Service: | Date of Service |
|---|---|---|
| Hyun Eric Yoon, Esquire | Federal ECF | |
| Holland & Knight, LLP | Email | 01/14/2020 |
| 2929 Arch Street, Suite 800 | | |
| Philadelphia, Pennsylvania 19104 | | |
| eric.yoon@hklaw.com | | |
| | | |
| Phillip J. Duffy, Esquire | Federal ECF | 01/14/2020 |
| Gibbons, P.C. | Email | |
| One Gateway Center | | |
| 1145 Raymond Plaza West | | |
| Newark, New Jersey 07102 | | |
| pjduffy@gibbonslaw.com | | |

Respectfully submitted,


By: _____
Terence P. Ruf, Jr., Esquire
Attorney Id. No.: 203070
Law Office of Terence P. Ruf, Jr.
218 North Church Street, Suite E
West Chester, Pennsylvania 19380
(610) 692-6800
(484) 923-1212 (fax)

EXHIBIT 7

## Yoon, Eric (PHL - X49537)

| | |
|---|---|
| **From:** | terenceruf terenceruflaw.com <terenceruf@terenceruflaw.com> |
| **Sent:** | Wednesday, January 15, 2020 3:27 PM |
| **To:** | Yoon, Eric (PHL - X49537); PDuffy@gibbonslaw.com |
| **Subject:** | RE: JFG v. CIT - Fraud case dismissal |

*[External email]*
That is acceptable.  I will file.

---

**From:** Eric.Yoon@hklaw.com [mailto:Eric.Yoon@hklaw.com]
**Sent:** Tuesday, January 14, 2020 9:37 PM
**To:** terenceruf terenceruflaw.com; PDuffy@gibbonslaw.com
**Subject:** RE: JFG v. CIT - Fraud case dismissal
**Importance:** High

Terry:

Thanks.  Here are my suggest edits based upon our agreement.  To be clear, and please let me know if I am mistaken, but as I recall, the agreement among the parties was that in exchange of dismissing the federal action <u>with</u> prejudice (as Phil noted below), CIT and KMBS will agree to move jointly for leave to amend the state action so as to add the 'overcharge' claims in the nature of contract and unjust enrichment, but not in the fraud or negligent misrepresentation claim.

The revised version is consistent with the agreement as laid out in my initial email below and above.  Please confirm.  Thanks.

Eric Yoon
Holland & Knight LLP
Cira Centre
2929 Arch St. Suite 800
Philadelphia, PA  19104
Phone:  215-252-9537
Cell:  215-498-3936

---

**From:** terenceruf terenceruflaw.com [mailto:terenceruf@terenceruflaw.com]
**Sent:** Tuesday, January 14, 2020 9:19 PM
**To:** Duffy, Phillip J. <PDuffy@gibbonslaw.com>; Yoon, Eric (PHL - X49537) <Eric.Yoon@hklaw.com>
**Subject:** RE: JFG v. CIT - Fraud case dismissal

*[External email]*
Phil and Eric,

See attached revision. Please confirm.

Terry

Terence P. Ruf, Jr., Esquire
Law Office of Terence P. Ruf, Jr.
218 North Church Street

EXHIBIT 8

## Yoon, Eric (PHL - X49537)

| | |
|---|---|
| **From:** | Yoon, Eric (PHL - X49537) |
| **Sent:** | Wednesday, January 15, 2020 4:29 PM |
| **To:** | 'terenceruf terenceruflaw.com' |
| **Cc:** | PDuffy@gibbonslaw.com |
| **Subject:** | RE: Activity in Case 2:19-cv-05825-PD JUSTICE FAMILY GROUP, LLC v. CIT FINANCE, LLC et al Notice of Voluntary Dismissal |

Terry:

As you know, our discussion never encompassed, nor did we agree on, fees and costs related to this action.  Therefore, I removed that clause from the draft Notice last night, which version you represented to CIT and KMBS to be "acceptable."  You simply cannot add a clause in the filing that was specifically removed, and whether or not such a clause is standard is immaterial.  Please file an amended/corrected Notice of Removal.  If not, CIT will inform the Court immediately and withdraw its consent.

**Eric Yoon | Holland & Knight**
Holland & Knight LLP
2929 Arch Street, Suite 800 | Philadelphia, Pennsylvania 19104
Phone 215.252.9537 | Fax 215.867.6070
eric.yoon@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** terenceruf terenceruflaw.com <terenceruf@terenceruflaw.com>
**Sent:** Wednesday, January 15, 2020 4:11 PM
**To:** Yoon, Eric (PHL - X49537) <Eric.Yoon@hklaw.com>
**Cc:** PDuffy@gibbonslaw.com
**Subject:** RE: Activity in Case 2:19-cv-05825-PD JUSTICE FAMILY GROUP, LLC v. CIT FINANCE, LLC et al Notice of Voluntary Dismissal

*[External email]*
Eric

The clause portion you are citing is a standard clause is with respect to the federal case you removed.  Why would there be any effect on anything other case.

Terry

Terence P. Ruf, Jr., Esquire
Law Office of Terence P. Ruf, Jr.
218 North Church Street
Suite E
West Chester, PA 19380

terenceruf@terenceruflaw.com
www.terenceruflaw.com

1

(610)692-6800
FAX (484)923-1212

WARNING

This email together with any accompanying attachments is highly confidential and intended solely for the individual to whom it is sent. If you are not that individual or an employee or agent responsible for the delivery of this email message you are hereby notified that any use of this message or part thereof, other than the confidential delivery to the intended recipient, is in violation of applicable law and all violations will be prosecuted to the fullest extent of the law. If you have received this email in error, please destroy the original and any copies thereof and notify the sender by email.

---

**From:** Eric.Yoon@hklaw.com [mailto:Eric.Yoon@hklaw.com]
**Sent:** Wednesday, January 15, 2020 3:43 PM
**To:** terenceruf terenceruflaw.com
**Cc:** PDuffy@gibbonslaw.com
**Subject:** FW: Activity in Case 2:19-cv-05825-PD JUSTICE FAMILY GROUP, LLC v. CIT FINANCE, LLC et al Notice of Voluntary Dismissal
**Importance:** High

Terry:

The as-filed Notice of Voluntary dismissal is different from the version I sent you last night, which is attached here as a Word document and which you noted to be "acceptable" in your email a few minutes ago.  Specifically, the clause re: costs, expenses, and fees needs to be removed; as you know, at no time did we discuss, much less agree on, the topic of fees and costs.  CIT and KMBS continue to preserve all rights afforded to them under the applicable agreements.

Please file an Amended Notice of Voluntary Dismissal immediately.  Thank you.

**Eric Yoon | Holland & Knight**
Holland & Knight LLP
2929 Arch Street, Suite 800 | Philadelphia, Pennsylvania 19104
Phone 215.252.9537 | Fax 215.867.6070
eric.yoon@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** ecf_paed@paed.uscourts.gov <ecf_paed@paed.uscourts.gov>
**Sent:** Wednesday, January 15, 2020 3:31 PM
**To:** paedmail@paed.uscourts.gov
**Subject:** Activity in Case 2:19-cv-05825-PD JUSTICE FAMILY GROUP, LLC v. CIT FINANCE, LLC et al Notice of Voluntary Dismissal

*[External email]*

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees**

apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## United States District Court

## Eastern District of Pennsylvania

### Notice of Electronic Filing

The following transaction was entered by RUF, TERENCE on 1/15/2020 at 3:31 PM EST and filed on 1/15/2020

**Case Name:**      JUSTICE FAMILY GROUP, LLC v. CIT FINANCE, LLC et al
**Case Number:**    2:19-cv-05825-PD
**Filer:**      JUSTICE FAMILY GROUP, LLC
**Document Number:** 11

**Docket Text:**
**NOTICE of Voluntary Dismissal by JUSTICE FAMILY GROUP, LLC As To All Defendants (Attachments: # (1) Certificate of Service)(RUF, TERENCE)**

**2:19-cv-05825-PD Notice has been electronically mailed to:**

HYUN YOON      Eric.Yoon@hklaw.com, joanne.powell@hklaw.com

STEPHEN J. FINLEY      sfinley@gibbonslaw.com, sratta@gibbonslaw.com

TERENCE P. RUF , JR      terenceruf@terenceruflaw.com

**2:19-cv-05825-PD Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=1/15/2020] [FileNumber=16703268-0] [bde209dacd857236144f26825b639805b8f01aa5b124f4f685330c00da6c1700f9 eb71a507f5916ca68d9e5c16a2746f75897cbc626fc80924915037c0064ea5]]
**Document description:**Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=1/15/2020] [FileNumber=16703268-1] [6af2671c2e1d5890727dfdeef1e144527e629918610af6f63a013c1cc2e52a061b b270069e54e6c543d2c8727cea5ec3e96426f56588e6b3e198c9523b76ec47]]

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is

addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.